UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROGELIO MEDINA, | : | |
| Plaintiff, | : | CIVIL CASE NO.: |
| | : | |
| v. | : | 3:15-cv-1411 (VLB) |
| | : | |
| ALLEN, LIEUTENANT, et al., | : | October 6, 2015 |
| Defendants. | : | |

## INITIAL REVIEW ORDER

The plaintiff, Rogelio Medina, currently incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983. The complaint was received by the Court on September 25, 2015, and his motion to proceed *in forma pauperis* was granted on September 28, 2015. The named defendants are Lieutenant Allen, and Correctional Officers Berry, Flores, Alexander, John Doe 1 and John Doe 2. The plaintiff asserts claims for deliberate indifference to his safety, failure to protect him from harm and refusal to permit him to contact the state police. He seeks damages only and requests a bench trial.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."

*Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## I. Allegations

The incidents underlying the complaint occurred while the plaintiff was confined in segregation on protective custody status at the Bridgeport Correctional Center.

On June 15, 2015, between 8:30 and 10:00 a.m., defendant Berry told the plaintiff that he had to report to the medical unit for lab work.  Protocol requires that when a protective custody inmate is leaving the housing unit, the hallways are cleared.  When defendant Berry opened the trap in the cell door to handcuff the plaintiff behind his back, the plaintiff told defendant Berry that all of the other inmates on the tier stated that "if [they got] the chance to f**k you up we will."  Doc. #1 at 5, ¶ 5.  While speaking to defendant Berry, the plaintiff noticed the

2

inmate in cell 12, who is not on protective custody, in the corridor near the door. The inmate was waiting with his escort, defendant Flores, for the door to open. Defendant Berry told the plaintiff not to worry because both he and the other inmate were handcuffed behind their backs.

Defendant Berry escorted the plaintiff toward the door where the other inmate was waiting.  The inmate asked if the plaintiff was Medina, then took a step forward and kicked the plaintiff in the chest and stomach while calling him a pedophile and a snitch.  Both correctional officers acted casually about the incident.  Neither defendant Berry nor defendant Flores called a code, the usual practice for an inmate-on-inmate assault.  Defendant Alexander witnessed the incident but did not call a code and refused to be a witness for the plaintiff.  While returning to his cell, the plaintiff repeatedly told defendant Berry that he wanted to press outside charges.  Defendant Berry said that he would "take care of it."

About ten minutes later, defendant Allen toured the housing unit.  The plaintiff told defendant Allen that he had been assaulted and wanted to press charges.  While the plaintiff was speaking to defendant Allen, other inmates called the plaintiff a snitch and a liar.  Defendant Allen relied on these statements and walked away.

Shortly thereafter, defendant Allen was bringing an inmate to the cell across from the plaintiff's.  The escort was being recorded.  The plaintiff stated that he has been assaulted and wanted to press outside charges.  His statements were recorded.  When the camera was turned off, defendant Allen became angry

3

at the plaintiff for his actions and stated that he would not do anything.  The plaintiff overheard defendant Berry tell an inmate that the incident had been planned and that defendants Berry and Flores knew that the plaintiff was going to be assaulted.  The video recording of the incident has been preserved.

The plaintiff requested medical and mental health treatment.  Defendant Berry stated that he would call medical and mental health staff but did not do so.  Later in the day, the plaintiff was brought to the medical unit for lab work.  Defendant Berry would not permit the plaintiff to speak to a nurse or mental health staff.  Defendant Berry said that he would call them later but did not do so.

Later that day, other inmates began throwing food, urine and feces at the plaintiff's cell door.  When meals were being distributed, the inmates tried to throw things through the trap door.  The plaintiff complained to defendants Doe 1 and Doe 2.  They both ignored him.

## II. Discussion

The plaintiff asserts claims for deliberate indifference to his safety, failure to protect him from harm and refusal to permit him to contact the state police.

Prison officials have a duty to protect inmates from harm caused by other inmates.  *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994).  To state a failure to protect claim, the plaintiff must allege facts showing that he was incarcerated under conditions posing a substantial risk of serious harm and that the defendants acted with deliberate indifference to his safety.  *Id.* at 834, 837.  The

focus of the court's inquiry is on the existence of a substantial risk of serious harm, rather than the actual injuries suffered in an attack.  *Id.* at 837.

Here, the plaintiff alleges that defendants Berry and Flores were aware of the planned assault, defendants Berry, Flores and Alexander failed to follow protocol for transport of a protective custody inmate, and defendants Berry and Allen failed to take action in response to the attack.  These allegations show that the plaintiff was exposed to a substantial risk of serious harm.  The Court concludes that this information is sufficient to state plausible claims for failure to protect and deliberate indifference to safety.

The plaintiff also alleges that defendants Doe ignored his complaints that inmates were throwing food, feces and urine at his cell.  Although the plaintiff does not assert a claim for unconstitutional conditions of confinement, the Court must construe his allegations liberally.

To state a claim for unconstitutional conditions of confinement, the plaintiff must allege facts showing that he was deprived of his "basis human needs—e.g., food, clothing, shelter, medical care and reasonable safety."  *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (internal quotation marks and citation omitted).  The deprivation is examined in light of contemporary standards of decency to determine the seriousness of the conditions.  *Id.* at 35-36.  Subjectively, the inmate must show that the defendants acted with "more than mere negligence." *Farmer*, 511 U.S. at 835.  They must have known that the inmate faced a

5

substantial risk to his health or safety and disregarded that risk by failing to take corrective action.  *Phelps v. Kapnolas*, 308 F.3d 180, 185-86 (2d Cir. 2002).

The plaintiff alleges that other inmates threw food, urine, and feces at the plaintiff's cell and tried to break in through the trap in the door.  The plaintiff further alleges that the Doe defendants were aware of, and ignored, the inmate's conduct.  Similar allegations have been found to state a claim for unconstitutional conditions of confinement.  *See Porter v. Coughlin*, 964 F.Supp. 97, 104–05 (W.D.N.Y. 1997) (ruling that pro se plaintiff stated plausible Eighth Amendment claim where he alleged that correctional staff condoned behavior of inmates who threw feces at plaintiff and into his cell).  Moreover, the Second Circuit has ruled that being sprayed "with a mixture of feces, vinegar, and 'some type [of] machine oil'" is "repugnant to the conscience of mankind."  *Hogan v. Fischer*, 738 F.3d 509, 516 (2d Cir. 2013) (addressing excessive force claim against correctional officers).  Further, exposure to bodily fluids poses a substantial risk of serious bodily harm, particularly in the prison setting.  *See* Wikipedia, "Infectious Diseases within American Prisons," https://en.wikipedia.org/wiki/Infectious_ diseases_within_American_prisons.  Therefore, the Court concludes that the plaintiff's allegations are sufficient to proceed at this time.  However, the plaintiff must provide the names and current work addresses of defendants Doe 1 and Doe 2 to enable the Court to effect service on them.

Finally, the plaintiff alleges that defendants Berry and Allen ignored the plaintiff's requests to press outside charges.  The plaintiff has a First Amendment

right to report an assault to the police.  His claim against defendants Berry and

Allen for violation of that right will proceed at this time.

### ORDERS

In accordance with the foregoing analysis, the court enters the following

orders:

(1)     The Clerk shall verify the current work address of defendants Allen,

Berry, Flores and Alexander with the Department of Correction Office of Legal

Affairs, and mail a waiver of service of process request packet to each defendant

at the confirmed address within twenty-one (21) days from the date of this Order.

The Clerk shall report to the court on the status of that waiver request on the

thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver

request, the Clerk shall make arrangements for in-person service by the U.S.

Marshals Service on the defendant in his or her individual capacity and the

defendant shall be required to pay the costs of such service in accordance with

Federal Rule of Civil Procedure 4(d).

(2)     The Clerk shall send a courtesy copy of the Complaint and this Order

to the Connecticut Attorney General and the Department of Correction Office of

Legal Affairs.

(3)     The defendants shall file their response to the Complaint, either an

answer or motion to dismiss, within sixty (60) days from the date the waiver form

is sent.  If they choose to file an answer, they shall admit or deny the allegations

and respond to the cognizable claim recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(4)      Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this Order.  Discovery requests need not be filed with the court.

(5)      All motions for summary judgment shall be filed within eight months (240 days) from the date of this Order.

(6)      Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7)      If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(8)      The Court cannot effect service on defendants Correctional Officers John Doe 1 and John Doe 2 without their full names and current work addresses.

The plaintiff is directed to file a notice containing this information within twenty (20) days from the date of this order.  Failure to timely file the notice may result in the dismissal of all claims against defendants Doe without further notice from the court.

IT IS SO ORDERED.

_____/s/_____ _
Vanessa L. Bryant
United States District Judge


Dated in Hartford, Connecticut on October 6, 2015.

9